IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ERNESTO M. LOPEZ § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-05-CV-2517-L |
| DOUGLAS DRETKE, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Ernesto M. Lopez, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed in part on limitations grounds and denied in part.

I.

In 1959, petitioner was convicted of murder with malice and sentenced to death. His sentence was subsequently commuted to life imprisonment and affirmed on direct appeal. *Lopez v. State*, 339 S.W.2d 906 (Tex. Crim. App. 1960). On November 11, 1962, petitioner escaped from custody. He remained at-large for nearly 35 years until his arrest on June 27, 1997. After petitioner was returned to prison, he filed five state writs of habeas corpus challenging his conviction and sentence, the application of state parole laws, and the calculation of his sentence credits. The first writ was denied without written order. *Ex parte Lopez*, No. 47,525-01 (Tex. Crim. App. Jan. 24, 2001). The next three writs were dismissed for different reasons.[1] *Ex parte Lopez*, No. 47,525-02

---

[1] In his second writ, petitioner argued that he was denied credit on his sentence for the time he spent in jail from the date of his arrest until the date his sentence was commuted. *Ex parte Lopez*, No. 47,525-02. The trial court corrected this sentence credit error in a *nunc pro tunc* order and recommended that the writ be dismissed as moot.

(Tex. Crim. App. Dec. 11, 2002); *Ex parte Lopez*, No. 47,525-03 (Tex. Crim. App. Jan. 28, 2004); *Ex parte Lopez*, No. 47,525-04 (Tex. Crim. App. May 18, 2005). His fifth writ was denied in part and dismissed in part. *Ex parte Lopez*, No. 47,525-05 (Tex. Crim. App. Mar. 29, 2006). Petitioner then filed this action in federal court.

II.

In 30 grounds for relief, petitioner challenges his conviction and sentence, the application of state parole laws, the calculation of sentence credits, and the disposition of his state writs.

Respondent has filed an answer in which he argues, *inter alia*, that petitioner's claims are time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[2] Petitioner addressed the limitations issue in written replies filed on April 6 and 7, 2006. The court now determines that this case should be dismissed in part on limitations grounds and denied in part.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

---

Petitioner's third writ was dismissed as successive and his fourth writ was dismissed for failure to exhaust his administrative remedies. *Ex parte Lopez*, Nos. 47,525-03 & 47,525-04.

[2] Respondent also argues that petitioner's sentence credit claims are unexhausted. However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). This statute also authorizes the dismissal of a federal habeas petition on limitations grounds. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1498 (2001); *Taylor v. Dretke*, No. 3-04-CV-2346-R, 2004 WL 2870228 at *1 n.1 (N.D. Tex. Dec. 13, 2004), *rec. adopted*, 2005 WL 168844 (N.D. Tex. Jan. 25, 2005).

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction relief or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). In addition, the one-year statute of limitations is subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

The AEDPA became effective when it was signed into law on April 24, 1996. *See, e.g. Drinkard v. Johnson*, 97 F.3d 751, 766 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 1114 (1997). However, the Fifth Circuit has allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 846 (1999).

B.

The vast majority of petitioner's claims relate to his trial, conviction, and sentence. In multiple grounds for relief, petitioner contends that: (1) the prosecutor withheld exculpatory evidence; (2) the trial court failed to instruct the jury on a lesser-included offense; (3) he was indicted as a principal instead of an accessory because of his race; (4) there was no evidence to support a deadly weapon finding; (5) he was convicted by an all white jury; (6) the trial court should

have declared a mistrial and granted an instructed verdict; (7) he was denied the right to perfect a bill of exceptions; (8) the trial court improperly excluded his co-defendant's statement under an unconstitutional Texas statute; (9) he received ineffective assistance of counsel; and (10) he is actually innocent.

The statute of limitations on these claims started to run on April 24, 1996--the date the AEDPA became effective. *See Flores*, 135 F.3d at 1005. Yet petitioner did not seek post-conviction relief in state court until July 14, 1998. In an attempt to excuse this two-year delay, petitioner points out that he escaped from custody in 1962 and accuses TDCJ officials of purposefully waiting until after the AEDPA limitations period expired to recapture him. Even if the court were to toll the AEDPA statute of limitations while petitioner was on escape status--a patently frivolous proposition for which there is no authority--petitioner still waited more than one year after he was returned to custody before filing a state writ.

Petitioner further contends that he received ineffective assistance of counsel in connection with his first state writ. However, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2277 (2003), *citing Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991) (holding there is no right to effective assistance of counsel in habeas proceedings). Nor is equitable tolling permitted merely because petitioner believes he is entitled to relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Even a claim of actual innocence does not constitute a "rare and exceptional" circumstance sufficient to toll the AEDPA statute of limitations. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*,

121 S.Ct. 622 (2000); *Mason v. Cockrell*, No. 3-03-CV-0483-H, 2003 WL 21488226 at *2 (N.D. Tex. Apr. 23, 2003); *Rhinehart v. Cockrell*, No. 3-01-CV-1177-P, 2001 WL 1512029 at *2 (N.D. Tex. Nov. 21, 2001). The court therefore concludes that all claims relating to petitioner's trial and resulting conviction are barred by limitations.

C.

Petitioner also seeks relief on the grounds that: (1) the state applied the parole laws retroactively; (2) he was denied the right to parole review; (3) he should be released to mandatory supervision; and (4) he is entitled to credit on his sentence for the time he was on escape status.

The statute of limitations on claims involving parole and sentence credit decisions begins to run on "the date the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). *See also Sanchez v. Dretke*, No. 3-04-CV-1668-N, 2004 WL 3029727 at *1 (N.D. Tex. Dec. 30, 2004) (citing cases), *rec. adopted*, 2005 WL 65958 (N.D. Tex. Jan. 11, 2005). At the very latest, petitioner was aware of his parole claims on November 29, 2002 when he wrote to the parole board seeking release. (*See* Resp. Answer, Exh. D). Petitioner knew about his sentence credit claims no later than February 5, 2003 when he communicated with the parole board about this issue. (*Id.*, Exh. E). To the extent petitioner raised these claims in state court, he did so in his fourth and fifth writs. The fourth writ was filed on June 3, 2004 and dismissed on May 18, 2005. The fifth writ was filed on October 31, 2005 and dismissed in part and denied in part on March 29, 2006. Petitioner filed suit in federal court on December 20, 2005, while his fifth writ was pending. Even if the limitations period is tolled during the pendency of his state writs, petitioner did not seek federal habeas relief for more than one year after discovering the factual predicate of his parole and sentence credit claims. No

explanation has been offered to justify or excuse this delay. Consequently, these claims are time-barred.[3]

D.

Finally, petitioner complains that the state habeas court failed to address his claims on the merits and did not hold an evidentiary hearing to determine his actual innocence. Even if these claims are not time-barred, petitioner is not entitled to relief. The Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* at 320, *citing Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 2559 (1996). These grounds for relief should be overruled.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part. All claims relating to petitioner's trial and his resulting conviction, the application of state parole laws, and the calculation of sentence credits are time-barred and should be dismissed on limitations grounds. Petitioner's claims involving the disposition of his state writs should be denied on the merits.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after

---

[3] Petitioner's parole and sentence credit claims also fail on the merits. Texas prisoners have no constitutional expectancy of parole and, thus, are not entitled to the benefit of the parole laws in effect at the time of their conviction and sentence. *See Cruz v. Texas Parole Division*, No. 03-50745, 87 Fed. Appx. 346, 347 (5th Cir. Jan. 30, 2004). Although Texas law does create an expectancy of early release to mandatory supervision for certain inmates whose calendar time combined with good time credits equal the sentence imposed, a life sentence is not capable of calculation under the mandatory supervision statute. *See Wheat v. Dretke*, No. 3-05-CV-1315-H, 2005 WL 1667832 at *1 (N.D. Tex. Jul. 15, 2005) (citing cases), *rec. adopted*, 2005 WL 1837154 (N.D. Tex. Aug. 3, 2005).

being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 11, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE