IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNESTO M. LOPEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | NO. 3:05-CV-2517-L |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

This is a habeas case brought under 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. §636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On April 11, 2006, the Findings and Recommendation of the United States Magistrate Judge were filed, to which Petitioner filed objections on April 21, 2006.

### I.     Factual and Procedural Background

In 1959, Petitioner was convicted of murder with malice and sentenced to death by electric chair.   The Court of Criminal Appeals affirmed the trial court on direct appeal in a published opinion. Petitioner was scheduled for execution on March 14, 1961.  His sentence was subsequently commuted to life imprisonment.  On November 11, 1962, Petitioner escaped from prison and remained at-large for thirty-five years until his arrest on June 27, 1997.  He then filed numerous state writs of habeas corpus, all of which were denied or dismissed.  Petitioner filed his federal application for writ of habeas corpus on July 14, 1998, raising thirty grounds for relief in which he

**Memorandum Opinion and Order – Page 1**

challenges his trial, conviction and sentence (claims 1-3, 14-20, 22, 25-26, 28-29), the application of state parole laws and the calculation of sentence credits (claims 4-13, 23, 27 and 30), and the disposition of his state writs (claims 21 and 24).

## II.     Magistrate Judge's Findings and Recommendation

The magistrate judge recommended that Petitioner's claims relating to his trial and resulting conviction, the application of state parole laws, and the calculation of sentence credits should be dismissed as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214 (1996), codified at 28 U.S.C. § 2254(d). *See* Findings and Recommendation of the United States Magistrate Judge at 3-6 ("hereinafter "Report"). As set forth by the magistrate judge, with regard to Petitioner's claims relating to his trial, conviction and sentence, the one-year statute of limitations on these claims started to run on April 24, 1996, the date the AEDPA became effective, and Petitioner did not seek post-conviction relief until July 14, 1998. *See id.* at 4. Further, the magistrate judge found that Petitioner had not established a basis for equitable tolling under Fifth Circuit precedent. *Id.* (and cases cited therein).[1]  As to Petitioner's claims that the state applied the parole laws retroactively, that he was denied the right to parole review, that he should be released to mandatory supervision and that he is entitled to sentence credits for the time he was on escape status, the magistrate judge similarly found these claims time-barred, as, even if the court were to toll the limitations period during the pendency of Petitioner's state writs, Petitioner did not seek federal habeas relief for more than a year after discovering the factual

---

[1]AEDPA's limitations period is not jurisdictional and is subject to equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is appropriate, however, only in "rare and exceptional circumstances." *Id.*

predicate of his parole and sentence credit claim.  *See id.* at 5.[2]  The magistrate judge further

recommended that Petitioner's claims that the state habeas court failed to address his claims on the

merits and did not hold an evidentiary hearing to determine his actual innocence should be denied

on the merits.  *Id.* at 6 (and cases cited therein).

### III.    Petitioner's Objections

Petitioner's objections to the Report can be summarized as follows: (1) that equitable tolling

should be applied in this case to toll the statute of limitations under AEDPA; (2) that the magistrate

judge erroneously failed to consider his arguments under the Ex Post Facto Clause; (3) that he

should receive time credits accrued on his sentence for the thirty-five years he spent as an escapee;

and (4) that the magistrate judge mistakenly stated he had filed five state writs when he had in fact

filed six, and that his Application No. 47, 525-05 was in fact an application for writ of mandamus,

and not a state writ of habeas corpus.  The court will consider these objections in turn.

### IV.    Discussion

As to Petitioner's objections to the magistrate judge's finding that the doctrine of equitable

estoppel should not apply in this case, he raises identical arguments regarding equitable estoppel in

his objections as he made to the magistrate judge.  Having carefully reviewed these arguments, the

Report, the record, and applicable authority, and for the same reasons as those articulated by the

magistrate judge and based on the same judicial precedent(*see* Report at 4-5), the court **overrules**

Petitioner's objections to the magistrate judge's finding that this case does not present "rare and

exceptional" circumstances to warrant application of equitable estoppel.  Moreover, the court notes

that even were it to accept Petitioner's unsupported argument that it should toll the AEDPA statute

---

[2]The magistrate judge also found that Petitioner's parole and sentence claims, in addition to being untimely, fail on the merits.  See Report at 5 n.3 (and cases cited therein).

of limitations while Petitioner was on escape status, this would not alter the undisputed fact that he still waited more than a year after he was returned to custody before filing a state writ.

Petitioner also contends that the magistrate judge failed to address his argument that the Ex Post Facto Clause was violated in this case. Petitioner is wrong. Though not entirely clear from his Objections or his § 2254 Application, Petitioner appears to be making the argument that the parole laws have been applied to him retroactively because Respondent treated his sentence under the 65th Legislature instead of the 55th Legislature and that he might have been eligible for parole in 2000 under the 55th Legislature. The magistrate judge specifically considered Petitioner's claims involving parole and sentence credit decisions, including the claim that the state applied the parole laws retroactively, that he was denied his right of parole review, that he should be released to mandatory supervision and that he is entitled to sentence credit for the time he was an escapee. *See* Report at 5. As already set forth above, the magistrate judge recommended that these claims be dismissed as time-barred, since, even if the court were to toll the limitations period during the pendency of Petitioner's state writs, Petitioner did not seek federal habeas relief for more than a year after discovering the factual predicate of his parole and sentence credit claim. He also noted that these claims should be denied on the merits, as "Texas prisoners have no constitutional expectancy of parole and, thus, are not entitled to the benefit of the parole laws in effect at the time of their conviction and sentence." *See id.* at n.3. As the magistrate judge fully and correctly addressed Petitioner's claims relating to violations of the Ex Post Facto Clause, the court **overrules** Petitioner's objections.

Similarly, the court **overrules** Petitioner's objections that he should receive time credits accrued on his sentence for the thirty-five years he spent as an escapee. Once again, as the

magistrate judge found, these claims should be dismissed as time-barred and, alternatively, should be denied on the merits. *See* Report at 5 and n.3. Petitioner has failed to set forth any arguments in support of this claim that were not already considered and correctly rejected by the magistrate judge.

Finally, even assuming that Petitioner is correct that the magistrate judge was mistaken regarding the number of state writs he actually filed or that he had filed an application for writ of mandamus, this does not have any impact on the magistrate judge's recommendation in this case. Accordingly, the court **overrules** this objection.

## V.      Conclusion

Having reviewed the pleadings, file and record in this case, the findings and conclusions of the magistrate judge, and having considered Petitioner's objections thereto, the court determines that the findings and conclusions are correct in: (i) recommending that Petitioner's claims relating to his trial and resulting conviction, as well as his claims relating to application of state parole laws, and the calculation of sentence credits should be dismissed as time-barred under AEDPA, and (ii) recommending that Petitioner's claims that the state habeas court failed to address his claims on the merits and did not hold an evidentiary hearing to determine his actual innocence should be denied on the merits. Accordingly, the court **dismisses with prejudice** as time-barred Petitioner's claims relating to his trial and resulting conviction, as well as his claims relating to application of state parole laws and the calculation of sentence credits and **denies** Petitioner's claims that the state habeas court failed to address his claims on the merits and did not hold an evidentiary hearing to

determine his actual innocence.  A final judgment dismissing this case with prejudice will issue by

separate document.

It is so ordered this 28th day of April 2006.


Sam A. Lindsay
United States District Judge